IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 06-61009-CIV-MOORE/GARBER

JASON S. CRAIG,

    Plaintiff,

vs.

FOLDFAST, INC., a Florida corporation, and
HSN, L.P., a Delaware limited partnership

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS OR, ALTERNATIVELY, FOR JUDGMENT ON THE PLEADINGS OR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon the Defendant Foldfast, Inc.'s Motion to Dismiss or, Alternatively, for Judgment on the Pleadings or Summary Judgment and Memorandum (DE # 5), Plaintiff's Opposition to Defendant's Motion to Dismiss or, Alternatively, for Judgment on the Pleadings or Summary Judgment and Memorandum (DE # 10), Defendant's Reply to Plaintiff's Opposition to Motion to Dismiss or, Alternatively, for Judgment on the Pleadings or Summary Judgment (DE # 16) and Defendant HSN, L.P.'s Joinder in Defendant's Motion to Dismiss or, Alternatively, for Judgment on the Pleadings or Summary Judgment and Memorandum (DE # 19).

UPON CONSIDERATION of the motion and being otherwise fully advised in the premises, the Court enters the following Order.

**I.**     **Background**

This case arises out of Foldfast, Inc.'s and HSN, L.P.'s (collectively, "Defendants") alleged infringement of U.S. Patent No. 5,011,052, granted April 30, 1991, entitled "Folding Device for Apparel" (the "052 Patent"). Compl. at 2. The Plaintiff is Jason S. Craig (

"Plaintiff"), owner of the 052 Patent. Id. Plaintiff alleges Foldfast, while aware of the 052 Patent, has willfully infringed on the 052 Patent by selling the plastic FlipFold garment folding device. Id. Plaintiff further alleges HSN purchased Foldfast's FlipFold garment folding devices and sold the devices as FlipNFold garment folding devices. Id. at 2-3. Plaintiff's complaint includes one count of patent infringement pursuant to 35 U.S.C. § 271(a)(b) & (c) based on alleged infringement of Claim 5 of the 052 Patent, claiming irreparable harm and asking the Court to grant a permanent injunction and award damages. Id. at 3-4. Claim 5 of the 052 Patent describes:

> A manually operated shirt folding device comprising:
> (a) a flat and rectangular shaped member
> (b) said member being dimensional for receiving a T-shirt upon its upper surface
> (c) a plurality of creases formed in said member which are oriented in vertical and horizontal directions,
> (d) said vertical creases allowing said member to be manually folded to allow the sides of said shirt to be folded inwardly for reducing the width dimension of said shirt,
> (e) said horizontal creases allowing said member to be manually folded in half to reduce the vertical dimension of said shirt
> (f) whereby said horizontal and vertical creases allow said member to uniformly package said T-shirt in a manually repetitive manner.

Compl., Ex. A at 9. The patent infringement statute provides:

> (a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.
>
> (b) Whoever actively induces infringement of a patent shall be liable as an infringer.
>
> (c) Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a

2

staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

35 U.S.C. § 271(a)(b) & (c).

Defendants Foldfast and HSN move to dismiss the complaint, or, alternatively, for judgment on the pleadings or for summary judgment, arguing that the Complaint is facially insufficient, and that there exists no genuine dispute regarding any material fact that might preclude judgment in favor of the Defendants. Def. Mot. to Dismiss at 1. Defendants argue "it is beyond any legitimate argument that the FoldFast tool does not infringe on the '052 Patent." Id. at 5.

## II.   Motion to Dismiss

### A)   Standard of Review

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). On a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. SEC v. ESM Group, Inc., 835 F.2d 270, 272 (11th Cir. 1988). Further, the Court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (citations omitted); South Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 406 (11th Cir. 1996). Specifically, "[i]t is a well-settled principle of law that a complaint should not be dismissed merely because a plaintiff's allegations do not support the particular legal theory he advances, for the court is under a duty to examine the complaint to determine if the allegations

provide for relief on *any* possible theory." Bowers v. Hardwick, 478 U.S. 186, 201-02 (1986) (Blackmun, J., dissenting) (quotations omitted); see Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997). Nonetheless, to withstand a motion to dismiss, it is axiomatic that the complaint must allege facts sufficiently setting forth the essential elements of a cause of action.

B. **Discussion**

Plaintiff complains Defendants offered the FlipFold and FlipNFold devices for sale while the devices had all the elements described by claims in Plaintiff's 052 Patent. Compl. at 2. These are the essential elements of the patent infringement cause of action. See 35 U.S.C. § 271. These allegations are sufficient to withstand a motion to dismiss.

III. **Motion for Summary Judgment**

A. **Standard of Review**

The applicable standard for reviewing a summary judgment motion is unambiguously stated in Rule 56(c) of the Federal Rules of Civil Procedure:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Summary judgment may be entered only where there is no genuine issue of material fact. Twiss v. Kury, 25 F.3d 1551, 1554 (11th Cir. 1994). The moving party has the burden of meeting this exacting standard. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). An issue of fact is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). It is "genuine" if the record taken as a whole could lead a rational trier of fact

to find for the nonmoving party. Id.

In applying this standard, the district court must view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. Id. However, the nonmoving party:

> may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Fed. R. Civ. P. 56(e). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

In other words, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986). In determining whether this evidentiary threshold has been met, the trial court "must view the evidence presented through the prism of the substantive evidentiary burden" applicable to the particular cause of action before it. Anderson, 477 U.S. at 254. Summary judgment may be granted if the nonmovant fails to adduce evidence which, when viewed in a light most favorable to him, would support a jury finding in his favor. Id. at 254-55.

Additionally, the nonmoving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The failure of proof concerning an essential element of the nonmoving party's case necessarily renders all

other facts immaterial and requires the court to grant the motion for summary judgment. Id.

### B. Discussion

The parties are in dispute as to whether the FlipFold device embodies all six elements of Claim 5 of the 052 Patent. They disagree as to whether the FlipFold device is "flat" and comprised of a "single rectangular member," whether it has "creases," and whether it can be folded in half. Def. Mot. at 10.

These issues must be addressed in a two-step process. First, the meaning of the disputed terms must be determined, as a matter of law. Vivid Technologies, Inc. v. American Science & Engineering, Inc., 200 F.3d 795, 803 (Fed. Cir. 1999); See Markman v. Westview Instruments, Inc., 52 F.3d 967, 976 (Fed. Cir. 1995) aff'd, 517 U.S. 370 (1996). This Court will construe the claims "as they would be understood by persons of skill in the field." Id. at 804. Then, "the claims as construed are applied to the accused device [as] a question of fact." Id.

### 1) Could the FlipFold be "flat?"

In the 052 Patent, the first element of Claim 5 includes a description of the patented device as "flat." Since neither the patent specification nor the prosecution of the patent have given the term "flat" a peculiar meaning, the term will be given its ordinary meaning. See York Products, Inc. v. Central Tractor Farm & Family Ctr., 99 F.3d 1568, 1572 (Fed. Cir. 1996). Defendants suggest "flat" be defined as "being characterized by a horizontal line or tracing without peaks or depressions." Def. Mot. at 9, quoting Webster's Ninth New Collegiate Dictionary 470 (1991) (the "Collegiate Dictionary"). Plaintiffs advocate for using a broader definition for "flat," including:

> 1) having or marked by a continuous surface that is horizontal or nearly so without significant curvature or inclination and without noteworthy elevations or

depression;
2) Lying at full length or spread out upon the ground; level with the ground or earth . . .
3a) having a smooth or even surface whether horizontal or not
3b) smooth or even by comparison with something [usually] implied . . .
4) arranged or laid out so as to be level, smooth, or even
5) having the major surfaces essentially parallel and distinctly greater than the minor surfaces . . .

Pl. Opp'n. 7, Ex. C, quoting Webster's Third New International Dictionary, Unabridged 865 (1969) (the "International Dictionary"). Defendants' proposed source also contains alternate meanings for "flat" which were not quoted by Defendants, including "having a relatively smooth or even surface[,] arranged or laid out so as to be level or even[,] having the major surfaces essentially parallel and distinctly greater than the minor surfaces." Webster's Ninth New Collegiate Dictionary 470 (1988). This Court will follow the Supreme Court's example and accept guidance from the broad definition in the International Dictionary, as proposed by Plaintiff. See, e.g., Eldred v. Ashcroft, 537 U.S. 186, 199 (2003).

Defendants argue that the FlipFold device could not be considered flat because it has "downwardly projecting legs" which raise the device up, off the surface upon which it rests. Def. Mot. at 10. Construing the facts in the light most favorable to Plaintiff, the non-movant, the Court finds a reasonable finder of fact could find the FlipFold device to be "flat," given the broad horizontal surface created parallel to the ground when the device is laid out for use.

### 2) Could the FlipFold be "rectangular?"

In the 052 Patent, the first element of Claim 5 also includes a description of the patented device as "a . . . rectangular shaped member." Defendant claims the FlipFold device is not one rectangular unit, but several attached panels. Def. Mot. at 10-11. Subsequently, Defendant

7

argues that the FlipFold device is "not rectangular, but a complex, multi-lateral structure with more than four sides."

Defendant proposes that "rectangular" is defined as "shaped like a rectangle," which is a "parallelogram," or " a quadrilateral with opposite sides parallel and equal." Id. at 9, quoting the Collegiate Dictionary. Even using Defendant's definition, this Court finds a reasonable jury could find the FlipFold device, which is manufactured in one piece and does not come apart into component panels, to be a "rectangular shaped member," given the outline it has either when folded for storage or unfolded for use. The reasonable jury could also find that while the device has panels that move independently, the device is made up of a single member, since the panels are inseperable.

### 3) Could the FlipFold have "creases?"

In the 052 Patent, the third element of Claim 5 describes the protected device as having "a plurality of creases." Compl. Ex. A at 9. Defendant suggests the "ordinary meaning of the term "crease" is "a line, mark, or ridge made by or as if by folding a pliable substance." Id., quoting Collegiate Dictionary. Plaintiff suggests a similar definition, substituting the word "groove" for "mark." Pl. Opp'n. at 10, quoting International Dictionary at 532. Defendant claims the FlipFold device bends, not by making a crease, but along a "living hinge." Def. Mot. at 11. The "living hinge" is, effectively, a thin piece of plastic holding two thicker panels together. The hinge is thin enough that it is flexible, and bends, allowing the thicker panels to be pressed against each other. This Court finds a reasonable jury could find that when the FlipFold device is folded along a "living hinge," it folds along a crease.

### 4) Could the Flipfold be "folded in half?"

In the 052 Patent, the fifth element of Claim 5 describes the protected device as capable of being "manually folded in half." Compl. Ex. A at 9. Defendants argue the FlipFold device cannot be folded in half, claiming that at most, one-third of the FlipFold device can be folded in half. Def. Mot. at 11, Def. Reply at 2. Regardless of whether the 052 Patent describes a device where the entire device folds in half or only a portion of the device does, the Doctrine of Equivalents may apply. Under the Doctrine of Equivalents, a device may infringe on a patent if the devices "do the same work in substantially the same way, and accomplish substantially the same result." Graver Tank & Manufacturing Co. v. Linde Air Products Co., 339 U.S. 605, 608 (1950) quoting Union Paper-Bag Machine Co. v. Murphy, 97 U.S. 120, 125 (1877). This Court finds that a reasonable jury could find the FlipFold device infringes on the 052 Patent under the Doctrine of Equivalents.

### III. Conclusion

Based on the foregoing, it is

ORDERED AND ADJUDGED that Defendant Foldfast, Inc.'s Motion to Dismiss or, Alternatively, for Judgment on the Pleadings or Summary Judgment and Memorandum (DE # 5) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 26th day of October 2006.

_____
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:     All counsel of record