IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 06-61009-CIV-MOORE/GARBER

JASON S. CRAIG,

    Plaintiff,

vs.

FOLDFAST, INC., a Florida corporation, and
HSN, L.P., a Delaware limited partnership

    Defendants.

_____/

**CLOSED CIVIL CASE**

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT ON INVALIDITY; DENYING DEFENDANTS' MOTION FOR RULE 11 SANCTIONS

THIS CAUSE came before the Court upon Defendants' Motion for Summary Judgment (DE # 30) and Defendants' Motion for Rule 11 Sanctions (DE # 55). A Response and Reply were filed to each motion.

UPON CONSIDERATION of the motions and being otherwise fully advised in the premises, the Court enters the following Order.

### I.    Background

This case arises out of Foldfast, Inc.'s and HSN, L.P.'s (collectively, "Defendants") alleged infringement of U.S. Patent No. 5,011,052, granted April 30, 1991, entitled "Folding Device for Apparel" (the Patent). Compl. at 2. The Plaintiff is Jason S. Craig ("Plaintiff"), owner of the Patent. Id. Plaintiff alleges Foldfast, while aware of the Patent, has willfully infringed on the Patent by selling the plastic FlipFold garment folding device. Id. Plaintiff further alleges HSN purchased Foldfast's FlipFold garment folding devices and sold the devices

as FlipNFold garment folding devices. <u>Id.</u> at 2-3. Plaintiff's Complaint includes one count of

patent infringement pursuant to 35 U.S.C. § 271(a)(b) & (c) based on alleged infringement of

Claim 5 of the Patent, claiming irreparable harm and asking the Court to grant a permanent

injunction and award damages. <u>Id.</u> at 3-4. Claim 5 of the Patent describes:

> A manually operated shirt folding device comprising:
> (a) a flat and rectangular shaped member
> (b) said member being dimensional for receiving a T-shirt upon its upper surface
> (c) a plurality of creases formed in said member which are oriented in vertical and horizontal directions,
> (d) said vertical creases allowing said member to be manually folded to allow the sides of said shirt to be folded inwardly for reducing the width dimension of said shirt,
> (e) said horizontal creases allowing said member to be manually folded in half to reduce the vertical dimension of said shirt
> (f) whereby said horizontal and vertical creases allow said member to uniformly package said T-shirt in a manually repetitive manner.

Compl., Ex. A at 9. The patent infringement statute provides:

> (a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.
>
> (b) Whoever actively induces infringement of a patent shall be liable as an infringer.
>
> (c) Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

35 U.S.C. § 271(a)(b) & (c).

In the instant motion, Defendants Foldfast and HSN move for summary judgment on the

grounds that the invention described by the Patent was obvious, and therefore the Patent must be deemed invalid.

## II.     Standard of Review

The applicable standard for reviewing a summary judgment motion is unambiguously stated in Rule 56(c) of the Federal Rules of Civil Procedure:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Summary judgment may be entered only where there is no genuine issue of material fact. Twiss v. Kury, 25 F.3d 1551, 1554 (11th Cir. 1994). The moving party has the burden of meeting this exacting standard. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). An issue of fact is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). It is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. Id.

In applying this standard, the district court must view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. Id. However, the nonmoving party:

> may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Fed. R. Civ. P. 56(e). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252

(1986).

In other words, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986). In determining whether this evidentiary threshold has been met, the trial court "must view the evidence presented through the prism of the substantive evidentiary burden" applicable to the particular cause of action before it. Anderson, 477 U.S. at 254. Summary judgment may be granted if the nonmovant fails to adduce evidence which, when viewed in a light most favorable to him, would support a jury finding in his favor. Id. at 254-55. Additionally, the nonmoving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment. Id.

## III.    Discussion

There is a statutory presumption of validity for an issued patent. 35 U.S.C. § 103. Defendants bear the burden of showing clear and convincing evidence to invalidate it. See id., Datamize, LLC v. Plumtree Software, Inc., 417 F.3d 1342, 1347-48 (Fed. Cir. 2005); Budde v. Harley-Davidson, Inc., 250 F.3d 1369, 1376 (Fed. Cir. 2001).

A "patent for a combination which only unites old elements with no change in their respective functions . . . obviously withdraws what is already known into the field of its monopoly and diminishes the resources available to skillful" people. KSR Int'l Co. v. Teleflex, Inc., 127 S.Ct. 1727, 1739 (2007) quoting Great Atl. & Pac. Tea Co. v. Supermarket Equip.

Corp., 340 U.S. 147, 152 (1950). Accordingly, pursuant to 35 U.S.C. § 103, "[a] claimed invention is unpatentable if the differences between it and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art." In re Kotzab, 217 F.3d 1365, 1369 (Fed. Cir. 2000); see 35 U.S.C. § 103(a). "Obviousness is a question of law based on underlying facts." Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc., 424 F.3d 1293, 1302 (Fed. Cir. 2005). However, the "ultimate judgment of obviousness is a legal determination." Teleflex, 127 S.Ct. at 1745.

"When a work is available in one field of endeavor, design incentives and other market forces can prompt variations of it, either in the same field or a different one.  If a person of ordinary skill can implement a predictable variation, § 103 likely bars its patentability." Teleflex, 127 S.Ct. at 1740.  The Supreme Court has recently held that "if a technique has been used to improve one device, and a person of ordinary skill in the art would recognize that it would improve similar devices in the same way, using the technique is obvious unless its actual application is beyond his or her skill." Id.

In determining the obviousness of Plaintiff's device, this Court will consider: "(1) the scope and content of the prior art; (2) the differences between the claimed invention and the prior art; (3) the level of ordinary skill in the art; and (4) secondary considerations, if any, such as commercial success, unexpected results, copying, long-felt but unresolved need, and the failure of others to develop the invention." Syntex (U.S.A.) LLC v. Apotex, Inc., 407 F.3d 1371, 1378 (Fed.Cir.2005) quoting Graham v. John Deere Co., 383 U.S. 1, 17-18 (1966).

**A. Scope and Concept of Prior Art**

Plaintiff concedes Patent No. 1,657,551 (the "Schremp Patent"), is relevant prior art. Pl. Resp. at 6. The Schremp Patent describes a "flat, rectangular-shaped garment folding tray which folds along both vertical and horizontal folding lines to allow the rapid and uniform folding of garments." Def. Mot. at 3. The device described by the Schremp Patent folds by means of hinges, connecting the panels of the device. Id. Defendant argues, and Plaintiff disputes, that two other patents are part of the relevant prior art: Patent No. 4,727,920 (the "Siegler Patent"), for a "Compact Fold Windshield Sunshade," and Patent No. 4,777,994 (the "Nederveld Patent"), for a "Sunshielding Device for a Motor Vehicle." Id. at 4. These patented devices are made from, respectively, folded cardboard and fibreboard. Id.

Whether the Siegler and Nederveld Patents are relevant prior art is a question of fact. In re Clay, 966 F.2d 656, 658 (Fed. Cir. 1992). They are relevant if they are either "from the same field of endeavor [or if] the reference is still reasonably pertinent to the particular problem with which the inventor is involved." Id. at 658-59. Plaintiff argues that the Siegler and Nederveld Patents are not relevant prior art because they are not "concerned with the folding or manipulation of other garments and materials." Pl. Resp. at 7. Plaintiff ignores the second indicator of relevancy. In the Plaintiff's Patent, Plaintiff explained the background of the invention as an attempt to create a simple and inexpensive folding device. Compl. at 12. Although the Siegler and Nederveld Patents do not cover devices that fold garments, the Nederveld Patent gives, as one of its goals, to create a "foldable . . . device which is of simple inexpensive construction." Nederveld Patent ( DE # 31-5) at 6. Accordingly, looking at the evidence in the light most favorable to the nonmoving Plaintiff, at least the Nederveld Patent

would logically commend itself to an inventor's attention while considering how to make a simple, inexpensive, foldable device, for whatever purpose.  See In re Clay, 966 F.2d at 659.

**B. Differences Between the Claimed Invention and the Prior Art**

Plaintiff's device is distinguishable from the device described by the Schremp Patent in that the Schremp device is made of separate metal panels attached with hinges, while Plaintiff's device is a single piece of cardboard which folds along creases, and the Schremp device has an extra panel which Plaintiff's device lacks.  See Schremp Patent (DE # 31-2); Compl. at 6-14; Pl. Resp. at 8-9.  All of the elements of Plaintiff's device are included in the Schremp Patent, except for the use of folded cardboard.  The use of folded cardboard for a device made to satisfy similar criteria is described in the Nederveld Patent.

**C. Level of Ordinary Skill in the Art**

This analysis requires a factual determination of the "level of ordinary skill in the art." Custom Accessories, Inc. v. Jeffrey-Allan Indus., Inc., 807 F.2d 955, 962 (Fed. Cir. 1986).  The person of ordinary skill in the art is "a hypothetical person who is presumed to be aware of all the pertinent prior art."  Id., citing Standard Oil Co. v. American Cyanamid Co., 774 F.2d 448, 454 (Fed. Cir. 1985).  As this Court has found the Nederveld Patent and the Schremp Patent to be relevant prior art, the person of ordinary skill here would be aware of both patents, and would be "able to fit the teachings of [the] multiple patents together like pieces of a puzzle." Teleflex, 127 S.Ct. at 1742.

**D. Secondary Considerations**

As evidence of non-obviousness, Plaintiff cites the award he won in an invention convention, newspaper articles about his accomplishment, a license he gave for commercial use,

and an offer he received to purchase the Patent outright.  Pl. Resp. at 10.  Plaintiff does not

allege that any of the individuals or organizations involved in the above results had the ordinary

skill in the art, as described above.  While the public may not have been aware of the Schremp

Patent from 1923, the events listed by the Plaintiff are not probative of non-obviousness as

relating to patent law.

## IV.      Conclusion

Defendant has satisfied its burden to overcome the presumption of validity of Plaintiff's

Patent.  After considering the Graham factors, this Court holds that, viewing all facts in the light

most favorable to the nonmoving Plaintiff, the "the differences between the [Plaintiff's Patent]

and the prior art are such that the [Plaintiff's Patent] would have been obvious at the time the

invention was made to a person having ordinary skill in the art," and the Plaintiff's Patent is,

therefore, invalid.  35 U.S.C. § 103.  Based on the foregoing, it is

ORDERED AND ADJUDGED that Defendants' Motion for Rule 11 Sanctions (DE #

55) is DENIED. It is additionally

ORDERED and ADJUDGED that Defendants' Motion for Summary Judgment (DE #

30) is GRANTED.  All motions not otherwise ruled on are DENIED AS MOOT.  The Clerk is

instructed to CLOSE this case.

DONE AND ORDERED in Chambers at Miami, Florida, this 9th day of August,

2007.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:      All counsel of record